# 1IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**ENTERLIFE AMBULANCE, CORP.**<br><br>Debtor in possession | CASE NO. 09-02828<br><br>SMALL BUSINESS under<br>CHAPTER 11 |

## ENTERLIFE AMBULANCE CORP.'S (DEBTOR'S) PLAN OF REORGANIZATION, DATED OCTOBER 4, 2009

### ARTICLE I

### *Summary*

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Enterlife Ambulance Corp. (the "Debtor") from cash flow of operations, new value provided by its shareholder, and, potentially, the proceeds of a suit against its former President and shareholder Efrain Torres.

This Plan provides for one class of secured claims; one classes of unsecured claims; and one class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should**

**Enterlife Ambulance Corp. Case No. 09-02828**   2

**read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   <u>Class 1</u>.   All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02   <u>Class 2</u>.   The claims of Secured Creditors, to the extent allowed as a secured claim under § 506 of the Code.

2.03   <u>Class 3</u>.   All unsecured claims allowed under § 502 of the Code.

2.04   <u>Class 4</u> .   Equity interests of the Debtor.

# ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,<u>U.S. TRUSTEES FEES,</u> <u>AND PRIORITY TAX CLAIMS</u>

3.01   <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   <u>Administrative Expense Claims</u>.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined

**Enterlife Ambulance Corp. Case No. 09-02828** 3

in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

      3.03    <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid in accordance with 100% of the claimed amount over the course of five years after the effective date of the Plan of Reorganization.  (*See* Exhibit E of the Disclosure Statement for the Treatment of all classes under the Plan).

      3.4    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.1 Claims and interests shall be treated as follows under this Plan:

*Please See Exhibit E of the Disclosure Statement for the Specific treatment of each class under the plan.*

In summary, the secured class shall receive 100% of their claims paid over the course of five years from the effective date. The Unsecured Class shall receive 100% of their claims paid within five years of the effective date. The equity shareholder who provided new value to the Debtor shall receive full ownership of the reorganized Debtor. **The equity shareholders who did not provide new value to the Debtor shall have their shares eliminated**. No equity shareholder shall receive any dividend under the plan.

# ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01  Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed.

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

ARTICLE VI

PROVISIONS FOR EXECUTORY CONTRACTS

AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the the date of the entry of the order confirming this Plan:

1. Lease Contract between Debtor and Douglas White Negron for the premises located at Carretera 848 KM. 3.5, Urb. San Just, Carolina, Puerto Rico.  (Expiry Date September 2010).

2. Medicare Provider Agreement.  Debtor's National Provider Identifier required to provide services for Medicare insured persons is 1598713729.

3. Lease Contract between Debtor and Francisco Ojeda Bigorra for the premises located at 76 Georgetti, Rio Piedras, Puerto Rico.  (Expiry Date April 2014).

4. Services Contract between Debtor and Area de Adquisiciones.  The contract calls for Enterlife to provide a certain number of ambulances for large public events.  (Expiry Date: August 5, 2010).

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease

under this section must be filed no later than 20 days after the date of the order confirming this Plan.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

Debtor's Plan of Reorganization shall be funded by the proceeds generated from Debtor's business operations. Debtor has been able to augment its receipts and decrease its costs during the course of the Bankruptcy proceedings. Accordingly, Debtor has demonstrated the capacity to finance its operations and pay its creditors in accordance with the terms and conditions of the plan.

The Debtor, once reorganized, shall have a single shareholder, board member and officer —Francisco Ojeda Bigorra (Dr. Ojeda). Dr. Ojeda shall be responsible for the operations of the Debtor and its efforts to fulfill the plan.

Additionally, as described in Debtor's Disclosure Statement, Debtor has initiated a suit against its former President, Efrain Torres (*See* Adv. Pro. 09-0178). Debtor has made both equitable and legal claims against Efrain Torres. Should Debtor recover damages from Efrain Torres, it will use the proceeds of the suit against Torres to more rapidly down the claims of its creditors.

## ARTICLE VIII

## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

      8.02    <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

      8.03    <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

      8.04    <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

      8.05    <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

      8.06    <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Puerto Rico govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

      8.07    <u>Corporate Governance</u>. The Debtor hereby abides by § 1123(a)(6) of the Code and prohibits the issuance of non-voting equity security. Further, the new equity security issued as a result of this plan shall be equal with respect to the possibility of any dividends and the voting of directors.

# ARTICLE IX

# **DISCHARGE**

9.01.  <u>Discharge.</u>  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

# ARTICLE X

# **OTHER PROVISIONS**

**Possible Litigation Proceeds**

As noted above, Debtor has initiated suit against its former President Efrain Torres.  (*See* Adv. Pro. 09-0178).  Debtor has made both equitable and legal claims against Efrain Torres.  Should the Debtor recover any monetary proceeds from Mr. Torres, the proceeds of the litigation shall be administered for the benefit of the estate.  Any proceeds shall be used to accelerate payments to the creditors in accordance with the provisions of the Plan of Reorganization.

Respectfully submitted,


By: <u>/s/ Francisco Ojeda</u>

Dr. Francisco Ojeda, President, Enterlife Ambulance Corp.

Plan Proponent

*Attorney for Debtor*
Carmen Conde Torres
Conde and Associates
San Jose Street #254, 5th Floor
San Juan, PR 00901-1253
Tel: (787) 729-2900
Fax: (787) 729-2203
Email: <u>condecarmen@microjuris.com</u>
<u>*/s/ Carmen Conde Torres*</u>
Carmen D. Conde Torres
USDC No.: 207312