**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **ENTERLIFE AMBULANCE CORPORATION** | **CASE NO. 09-02828 BKT** |
| | **Chapter 11** |
| | **FILED & ENTERED ON 04/12/2010** |
| **Debtor(s)** | |

**OPINION AND ORDER**

The matter before the Court is Creditor Efrain Torres' Motion for Summary Judgment allowing the Proof of

Claim (the "Claimant"), and Debtor's Motion for Summary Judgment regarding the contested matter of the

allowance of Efrain Torres' Proof of Claim No. 8 and the Debtor's Objection to the claim (the "Debtor"). The

Claimant contends that the circumstances giving rise to this case and a document filed by the Debtor prior to

the expiration of the claims bar date constituted a timely informal proof of claim, or in the alternative that the

doctrine of excusable neglect would permit the court to accept the late filing of the claim. Debtor argues in

return that the specific criteria necessary for an informal proof of claim has not been met by Claimant, nor have

the factors established by case law to allow the late filing under the doctrine of excusable neglect been met.

For the reasons set forth below, the Court will enter an order granting summary judgment in favor of the

Debtor.

On April 8, 2009, EnterLife Ambulance Corporation filed a petition under Chapter 11 of the Bankruptcy Code,

and as of that date have been managing it's affairs and operating its business as a debtor-in-possession.

Claimant was duly notified of the bankruptcy proceedings and received proper notice of the 11 U.S.C. § 341

Meeting of Creditors.  This notice contained the information for the claims bar date which was set at August

17, 2009. There is no dispute that Claimant received this information in a timely manner. In addition, the record shows that Claimant was present, and also represented by an attorney at the § 341 Meeting which took place on May 18, 2009. The Schedules filed at the time of the petition did not list nor recognize Efrain Torres as a creditor. Debtor filed a notice to the Court on April 27, 2009, submitting two balance sheets and statement of operations in compliance with 11 U.S.C. § 1116 [Dkt. No. 16]. These balance sheets dated December 31, 2008 and March 31, 2009 contained two line items designated as "Account Payable" in the name of "Efrain [sic]"for the amounts of $53,875.88 and $8,000.00   The balance sheet was clearly marked as "Copy of Unaudited Balance Sheet & Income Statement as of & for the year ended December 31, 2008." In addition, the balance sheet had the notation "for management purposes only." On November 2, 2009 a proof of claim was filed by the Claimant Efrain Torres in the amount of $61,875.88. This claim was objected by Debtor on November 3, 2009 [Dkt. No.62]. The Court approved the disclosure statement and confirmed the plan following a hearing on December 3, 2009 [Dkt. No. 75]. Shortly after the confirmation, the Court scheduled a pre-trial hearing on the objection to claim dispute for January 29, 2010. At the hearing the Court decided that the parties would file simultaneous motions for summary judgment to determine the controversy as to whether an informal proof of claim exists and/or whether the applicability of the doctrine of excusable neglect is appropriate to this dispute.

**SUMMARY JUDGMENT STANDARD**

Both the Debtor and Efrain Torres claim an entitlement to summary judgment. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986). In viewing the facts, the Court must draw all reasonable inferences from them, in the manner most favorable to the nonmovant. Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994); Piccicuto v. Dwyer, 39 F.3d 37, 40 (1st Cir. 1994). In the present case, the parties

agree that there are no issues of material fact.

**INFORMAL PROOF OF CLAIM**

The time for filing a proof of claim under Fed R. Bankr. P. 3003 (c)(3) may not be enlarged except to the extent and under the conditions stated in the that rule. See Fed. R. Bankr.P. 9006(b). Additionally, the Court cannot consider the unaudited balance sheets dated December 31, 2008 and March 31, 2009 filed in the pending case as an informal proof of claim. Debtor's Counsel filed the balance sheet, and the Notice in compliance with 11 U.S.C. § 1116 *does not* contain a demand upon the Debtor's estate or an intent to hold the Debtor liable for the debt. See, In re Wigoda, 234 B.R. 413, 415 (Bankr.N.D.Ill.1999), *aff'd* 11 Fed.Appx. 624 (7th Cir.2001) ("The informal proof of claim is an equitable doctrine developed by the courts to ameliorate the strict enforcement of the claims bar date. To be an informal proof of claim a document must (1) have been timely filed with the bankruptcy court and become part of the record, (2) state the existence and nature of the debt, (3) state the amount of the claim, and (4) evidence the creditor's intent to hold the debtor liable." (citations omitted)); In re Bowers, 104 B.R. 362, 364 (Bankr. D. Colo. 1989.

The factor for determining whether an informal proof of claim exists requires that the proof of claim must be in writing; that the writing must contain a demand by the creditor on the debtor's estate; that the writing must express an intent to hold the debtor liable for the debt; that the proof of claim must be filed with the Bankruptcy Court; and that, based on the facts of the case, it would be equitable to allow the amendment. Cf. Liakas v. Creditors' Comm. of Deja Vu, Inc., 780 F.2d 176, 178 (1st Cir. 1986) ("a proof of claim must contain a demand by the creditor against the debtor's estate, and an intent to hold the debtor's estate liable"). Under this doctrine, an informal proof of claim may be subsequently amended by a formal proof of claim. In this case, the only document filed prior to the deadline for filing proofs of claim in the pending case was filed by Debtor's counsel and not by the Claimant, Efrain Torres. The suggestion that there exists a balance owed as evidenced by the unaudited balance sheets filed in the pending case is insufficient to constitute a writing by the Claimant. Moreover, it does not contain a demand for payment or otherwise satisfy the requirements for informal proofs

of claim set forth in the Bowers and Wigoda cases.

Accordingly, this Court concludes that the two unaudited balance sheets filed by the Debtor in this case do not constitute an informal proof of claim by Claimant, Efrain Torres.

**THE DOCTRINE OF EXCUSABLE NEGLECT**

The leading case regarding the doctrine of excusable neglect is Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993). In that case, unsecured creditors faced a claims bar date of August 3, 1989. They failed to file timely claims, in part because of ambiguities in the court's notice setting the filing deadline. On August 23, 1989, the claimants filed proof of claims with a motion to permit the late filings under the excusable neglect standard found in Fed. R. Bankr. P. 9006(b). The bankruptcy court and the district court ruled against the claimants. The Sixth Circuit reversed and the Supreme Court affirmed in a 5-4 decision.

The Supreme Court acknowledged that ordinarily, inadvertence, ignorance of the applicable rules, or mistake in construing the rules does not constitute excusable neglect. It noted, however, that excusable neglect was an "elastic concept," Id. at 392, and concluded that the determination of excusable neglect should be established by an equitable test, "taking account of all relevant circumstances surrounding the party's omission." Id. at 395. To determine whether a party's neglect was "excusable," a court should consider: 1) the danger of prejudice to the debtor, 2) the length of the delay and the potential impact on judicial proceedings, 3) the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith. Because of a "dramatic ambiguity" in the notice of the claims bar date, the Court concluded that the creditors' failure to timely file claims was excusable and affirmed the circuit court's holding. Id. at 398-99.

Applying the Pioneer factors to this case leads to a clear result. There is the potential danger of prejudice to the debtors by allowing a late claim as the plan has already been confirmed. The length of the delay is two and one-half months. The impact of allowing a large sum as a late filed claim will not have a negligible impact on

the remaining proceedings. The third factor, however, is determinative. There is no reason in the record as to why the Claimant delayed approximately 75 days in filing his proof of claim. The Claimant was duly notified of the bankruptcy filing and it's proceedings, and moreover had legal representation at the § 341 Meeting of Creditors. In the case before us there is no ambiguity in the notice provided to the Claimant of the claims bar date. That fact alone sets this case apart from Pioneer. In a Chapter 11 case, it is not necessary to file a claim if the creditor agrees with the amount the debtor has listed as due in its Schedules and the debtor has not listed the debt as disputed, contingent or unliquidated. However, if the creditor believes it is owed more money than indicated by the debtor, *or its claim is unlisted*, listed as disputed, contingent or unliquidated, the creditor needs to timely file a claim for the full amount owed. Fed. R. Bankr. P. 3003(b)(1) & (c)(2). The responsibility to do this falls squarely on the creditor.

**CONCLUSION**

Based upon the foregoing, the court GRANTS the Summary Judgment Motion in favor of Debtor. Claimant, Efrain Torres has no basis in law to have his late filed claim allowed under either the theory of informal proof of claim or excusable neglect. The objection to claim no. 8 filed on November 3, 2009 [Dkt. No.62] is hereby GRANTED. The claim number 8 filed by Efrain Torres on November 2, 2009 in the amount of $61,875.88 is disallowed in its entirety.

**IT IS SO ORDERED.**

**San Juan, this 12 day of April, 2010.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**

- 5 -